UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**ANGEL M. HYCHE,**
11425 W. Florist Ave.
Milwaukee, WI 53225

        Plaintiff,

                      Case No. 21-cv-464

vs.

**ANTHEM SHORT TERM DISABILITY PLAN,**
VP Compensation and Benefits
Anthem, Inc.
220 Virginia Avenue
Indianapolis, Indiana 46204

and

**ANTHEM INSURANCE COMPANIES, INC.,**
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

        Defendants.

---

## COMPLAINT

---

The Plaintiff, Angel Hyche, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

### PARTIES

1.    Plaintiff is an adult resident of the State of Wisconsin and currently resides in Milwaukee, Wisconsin.

2. Defendant, Anthem Insurance Companies, Inc. ("Anthem"), is Plaintiff's former employer and on information and belief is a corporation organized under the laws of Indiana, licensed to do business in Wisconsin.

3. Defendant, Anthem Short Term Disability Plan ("the Plan"), on information and belief, is an employee welfare benefit plan subject to ERISA as amended, that has been in effect since at least January 1, 2019 and continues to the present time.

4. On information and belief, Anthem administers the Plan and funds the payments of benefits under the Plan.

## JURISDICTION & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

8. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

9. Plaintiff is a former Subrogation Examiner for Anthem.

10. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the short-term disability insurance ("STDI") benefits provided by the Plan.

11. Plaintiff ceased working on February 20, 2019 due to PTSD, major depressive disorder, generalized anxiety disorder, and chronic migraines.

12. Defendants initially approved Plaintiff's claim for short-term disability insurance benefits.

13. Plaintiff's benefits became payable on February 28, 2019.

14. Plaintiff's STDI benefit is worth approximately $313.85 per week.

15. Defendants were responsible for determining whether Plaintiff remained eligible for STDI benefits under the Plan.

16. Defendants were responsible for paying Plaintiff's STDI benefits.

17. Defendants denied Plaintiff's claim for STDI benefits beyond April 26, 2019.

18. Plaintiff timely appealed Defendants' denial of her STDI benefits claim.

19. Plaintiff submitted complete medical documentation in support of her disability as part of the STDI appeal.

20. Plaintiff submitted all information requested by the Defendants.

21. Defendants failed to consider the issues raised in Plaintiff's STDI appeal.

3

22. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

23. Defendants did not perform a "full and fair review" of Plaintiff's STDI claim.

24. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's STDI claim and an explanation of why that material was necessary.

25. Defendants failed to adequately explain why it rejected specific evidence in Plaintiff's file.

26. Defendants failed to engage in a meaningful dialogue with Plaintiff.

27. Defendants conducted a selective review of Plaintiff's medical records.

28. Defendants failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

29. Because Plaintiff remained disabled beyond her STDI maximum benefit period of August 27, 2019, she filed a claim for long-term disability insurance ("LTDI") benefits under Anthem's Long Term Disability Plan.

30. Anthem approved Plaintiff's claim for LTDI benefits.

31. Defendants failed to adequately explain its reasons for denying Plaintiff STDI benefits, especially in light of the fact that Anthem approved her claim for LTDI benefits.

32. In order to be eligible for LTDI benefits, a participant must be disabled during the entirety of the Long Term Disability Plan's 180-day elimination period.

33. Anthem determined Plaintiff satisfied this requirement.

34. The STDI plan and the LTDI plan define disability the same way.

35. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

36. At all times material to this case, the Plan has remained in full force and effect.

37. Defendants' denial of Plaintiff's claim STDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

38. The preceding paragraphs are reincorporated by reference as though set forth here in full.

39. Plaintiff has been and remains disabled, as that term is defined by the Plan.

40. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is arbitrary and capricious as the Plan has granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

41. Defendants arbitrarily and capriciously denied Plaintiff benefits.

42. Defendants interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

5

43. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plans from one case to the next.

44. As both the payer of claims and the adjudicator of STDI claim eligibility, Defendants have an inherent conflict of interest.

45. Defendants' denial of Plaintiff's STDI benefits was "downright unreasonable."

46. For these and other reasons, Defendants wrongfully denied Plaintiff's claim for STDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Angel M. Hyche, demands judgment from the Defendants for the following:

A. Payment of all retroactive STDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. Prejudgment interest;

C. Reasonable attorney's fees and costs related to the action; and

D. Such other and further relief that the Court deems just and equitable.

Dated: April 13, 2021

        **HAWKS QUINDEL, S.C.**
        *Attorneys for Plaintiff, Angel M. Hyche*

        By:   /s/ Jessa L. Victor
        Danielle M. Schroder, SBN 1079870
        Email: dschroder@hq-law.com
        Jessa L. Victor, SBN 1099144
        Email: jvictor@hq-law.com
        409 East Main Street
        P.O. Box 2155

Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236